FILED
SUPERIOR COURT
OF GUAM

2012 JAN 12 AM 11: 29

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

CHEN YU MACK, )  CIVIL CASE NO. CV0651-11
                             )
          Plaintiff,         )
                             )
     vs.                     )  **DECISION AND ORDER**
                             )
DONALD B. DAVIS,             )
                             )
          Defendant.         )
_____)

This matter came before the HONORABLE VERNON P. PEREZ on August 15, 2011. Attorney Daniel J. Berman represented Plaintiff. Attorney Jehan'ad G. Martinez represented Defendant. The Court took the motion under advisement. After having heard the Parties' arguments and considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This case arises from a complaint for Injunctive Relief and Damages. Plaintiff Chen Yu Mack (hereinafter "Plaintiff") alleges that Defendant Donald B. Davis (hereinafter "Defendant") granted her an irrevocable proxy.

Plaintiff and Defendant came to an agreement in 2008 where they would both put in $1,525,000.00 of their own money to form IHIAC, Inc. in addition to acquiring a joint loan of $6,000,000.00 from the Bank of Guam. Plaintiff's Declaration at ¶5. The purpose of forming IHIAC was to Purchase Zurich Insurance Guam, Inc (hereinafter "ZIG"). *Id.* After forming IHIAC, both Parties were issued 1,999 shares of IHIAC stock and 2 shares went to Francis Santos as a tie breaker. *Id* at ¶8. The agreement came to fruition and IHIAC bought all of the stock of ZIG, after which ZIG's name was changed to Island Home Insurance Company (hereinafter "IHIC"). *Id* at ¶12. After the company consolidation was all said and done, Plaintiff alleges that she invested $1,525,000.00 into IHIAC, transferred her Staywell Guam, Inc. stock, worth approximately $3,000,000.00, to IHIAC, became jointly liable on a $9,415,000.00 loan

from Bank of Guam[1] and allowed her $1,960,000.00 valued real property to be used as security on the Bank of Guam loan. *See* Pl. Declaration.

Thereafter, Plaintiff alleges that Defendant promised Plaintiff a proxy of Defendant's shares to allow Narcissa Samonte (hereinafter "Samonte") to become a 10% shareholder in IHIAC to calm Plaintiff's concerns over becoming a minority shareholder. *Id.* at ¶ 17-18. Plaintiff also alleges that Defendant granted her a proxy of his shares[2] via an email dated March 20, 2009 but promised to grant the proxy back in January 23, 2009. *Id.* at ¶23. Plaintiff attempted to use the alleged proxy at a shareholders meeting on April 8, 2011 in order to pass a resolution that would grant her $10,000.00 a month payment and reduce Defendant's annual salary from $378,937.00 to $180,000.00. *Id* at ¶30; *see* Resolution No. 1, labeled Exhibit 6. Yet, when attempting to use the alleged proxy, Defendant revoked his proxy and Plaintiff's resolution failed. The actions material to this case followed.

## DISCUSSION

### Standard

In analyzing a request for a preliminary injunction, the Guam Supreme Court has adopted a two-part test. *Carlson v. Guam Telephone Authority*, 2002 Guam 15 at ¶ 6. The moving party carries the burden to demonstrate a likelihood of success on the merits and irreparable injury. *Id* at ¶ 8. *See also Sananap, et al. v. Cyfred, Ltd. et al.*, 2009 Guam 13. Presumptions in favor of injunctive relief are improper. *Ebay, Inc v. MercExhange, LLC*, 547 U.S. 388, 392-3 (2006).

"[A] lower court's grant of a preliminary injunction is generally reviewed for an abuse of discretion." *HongKong and Shanghai Banking Corp., Ltd. v. Kallingal*, 2005 Guam 13 at ¶ 17. "Issues of law underlying a trial court's grant of a preliminary injunction are reviewed de novo. The issue of whether the trial court abused its discretion in finding either irreparable harm or a likelihood of success on the merits is reviewed for abuse of discretion. The trial court abuses its

---

[1] After Plaintiff and Defendant acquired ZIG, they took out another $3,415,000.00 from Bank of Guam to purchase the remaining stocks of Staywell Guam, Inc.
[2] Defendant disputed ever granting Plaintiff a proxy to vote his shares. Defendant does admit saying that he would grant the proxy but denies ever actually granting the proxy.

discretion when it misapprehend[s] the law with respect to the underlying issues in the litigation." *Id.*

"In order to grant a preliminary injunction, it is necessary that the movant show: (1) irreparable injury and (2) likelihood of success on the merits. *HongKong and Shanghai Banking Corp., Ltd. v. Kallingal*, 2005 Guam 13 at ¶ 18. "The preliminary injunction judge also addressed the likelihood of success on the merits, holding that "the Defendants [Kallingals] may likely prevail at a trial on their application for a permanent injunction." Id. at ¶ 20. "Upon examination of the two factors for granting preliminary injunctions, this court finds the trial court's finding to be supported by the facts and law." Id. "The appellate court may affirm the trial court's grant of an injunction as long as the record produces any ground on which it may appear that the seeking party may recover on the merits." Id. at ¶ 27. The elements must be balanced and in terms of strength, "more of one excuses less of the other". *Sananap, et al. v. Cyfred, Ltd., et al.*, at ¶42.

**Irreparable Injury**

As the examination of the two part test is a balancing of sorts and the Court a majority of the discussion on this matter will go to Plaintiff's likelihood of success on the merits of her case as the irreparable injury discussion is more easily resolved. Sizeable investment, the use of real property as security to a very large loan and Plaintiff's desire of the continued function of IHIAC lend great weight in favor of this element.

Defendant argues that Plaintiff has no irreparable injury absent an injunction and that Plaintiff really only seeks $10,000.00 a month compensation or this case would never have been filed. Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. Defendant furthers his argument by asserting that Plaintiff has a assigned a monetary value to her claim and that $10,000.00 a month for her time with IHIAC would satisfy her need for this lawsuit. Defendant finishes his argument on this issue by concluding that the availability of monetary damages forecloses her ability to obtain an injunction.

The Court agrees with Defendant that where money damages are the sole recovery then injunction would be improper, however, here Plaintiff's claim to the proxy of Defendant's shares

would effectuate her control over IHIAC. Although money is an aspect of her claim, her interests in control over IHIAC are the crux of the irreparable injury Plaintiff would receive if injunction is not given by this Court. When Parties originally formed IHIAC they had equal shares and Plaintiff alleges that control over the company would change after Samonte was brought on as a 10% owner. In essence, Plaintiff claims that by agreeing to Samonte, Defendant promised Plaintiff voting control over IHIAC and if the injunction is not temporarily granted, Plaintiff will not have that control.

Plaintiff claims that the current situation at IHIAC allowed Defendant to take in an annual salary far beyond what was originally agreed upon during formation of IHIAC. The Court is concerned that Defendant may be able to put IHIAC in a direction that Plaintiff is uncomfortable with or adversely affected by if no preliminary injunction is granted. If it is true that Defendant is receiving more than double his agreed upon salary due to Plaintiff's lack of equal voting control over IHIAC, then it is possible that additional business interests may be jeopardized in the immediate future. In addition, Plaintiff also claims that her access to business records are being interfered with and that injunction would be able to prevent that continued interference. The Court is aware that injunctions are extraordinary and rarely granted, but here, the Court believes injunction is warranted as it applies to this issue to save Plaintiff from irreparable injury of her business interests which go far beyond mere monetary damages.[3]

**Probability to Succeed on the Merits**

This part of the two part test will rely on whether or not the Court finds that Plaintiff was given an irrevocable proxy and whether or not a permanent injunction should issue at the resolution of this case. If the Court feels that Plaintiff is unable to win on the merits, then even if there are irreparable harms that could result, the Court will not issue injunction here. On the other hand, even if the Court does issue injunction here, it does not mean that Plaintiff will win on the merits at trial and that the injunction will become permanent.

---

[3] The Court understands that many of the statements made by Plaintiff in her briefs are only allegations, but if proven, they would show a potential where lack of equal or more than equal control (if promised by Defendant) would jeopardize her interests in IHIAC and the future of IHIAC.

The Parties brought in Samonte by Defendant surrendering 6% of his shares and Plaintiff surrendering 4% of her shares. In essence, with Samonte obtaining 10% and Defendant retaining roughly 43%, Plaintiff would not have enough voting power to win over both Samonte and Defendant voting together as she only has 45%. Plaintiff claims that this consideration is what made Defendant's promise to grant the proxy essential. Plaintiff alleges that Samonte now follows Defendant's vote in all business matters which, if true, effectively would give Defendant 53% voting power and control of IHIAC. The Court finds this claim highly reasonable but questions the adequacy of evidence to prove that an irrevocable proxy was granted.

**Irrevocable Proxy**

Plaintiff argues that the promise was oral, but that Defendant confirmed the proxy via email which Plaintiff has filed for the Court's review. That email does provide some insight on the issue of whether or not Defendant made the promise orally. In that email to Plaintiff dated March 20, 2009 at 5:41p.m. labeled as Exhibit A, Defendant states "I think that it is unfair that you are forcing me to keep the commitment we both made". Plaintiff's Declaration Exhibit A at ¶6. Defendant also states later in the email "I let it go and agreed because I wanted the business to move forward and figured you would begin to trust me at some point, I guess I was wrong about that". In context, the Court must assume that Defendant "agreed" to grant the proxy as two sentences before, Defendant wrote "I remember your asking me to give you my proxy in the new company". The email will likely be admissible at trial and on its merits, appears to confirm the oral promise Defendant made to Plaintiff when attempting to bring on Samonte. What is also convincing to the Court is that Defendant acknowledges making a promise to give the Plaintiff a proxy, both in the March 20, 2009 email and in his Declaration filed with this Court July 29, 2011.

Defendant claims that he revoked any proxy granted to Plaintiff. Part of the discussion goes to whether the proxy was granted and is effective, yet either way it must also be irrevocable if Plaintiff aims to maintain the proxy. Yet, as explained above, Defendant knows and admits he promised to give Plaintiff the proxy. In any event, a proxy is irrevocable only if it is be based on consideration, coupled with an interest or given as security. *See Cyclopedia of Corporations* §

2062 at p.305-06; *See also* 18 GCA § 28718. The writing itself does not need to mention that the proxy is irrevocable. *Id.* To determine whether or not the interest requirement is met, the Courts have looked at the following three part test: (i) the agent or proxy holder must have parted with value, incurred liability or assumed obligations, (ii) these actions must be at the principal's request or with his or her consent; and (iii) the agent or proxy holder must look to the exercise of the proxy power as a means of reimbursement, indemnity or protection. *Id.* Factor three is met as Plaintiff aims to use the proxy as protection from Defendant and Samonte taking over control of IHIAC. Factor two is met as Defendant admitted to consenting to the proxy, at least orally. Issue arises over whether or not Plaintiff surrendered any value, incurred any liability or assumed any obligation. Here, the Court finds that by allowing Samonte to come in as a 10% shareholder she parted with equal control over IHIAC. The Court finds that if, the email is sufficient to meet the writing requirement, the proxy would be irrevocable as all three requirements have been met and Guam law allows proxies to be electronic transmissions. 18 GCA § 28718.

As to the issuance of a preliminary injunction, all issues have been resolved but one. That issue is whether or not Defendant's email meets the written requirements under IHIAC Bylaws to constitute a grant of proxy. If the Court finds that an irrevocable proxy can be granted orally, then Plaintiff will likely win on the merits and the Court should grant the preliminary injunction. If the Court finds that Defendant made a promise, but the proxy is otherwise invalid, then the Court should deny the injunction. The requirements for a proxy to be effective and be irrevocable are governed by statute and common law. For a proxy to be effective it must be in writing. The Court finds that a written instrument must exist for a proxy to be effective.[4] Plaintiff, here, claims that the email mentioning or confirming the oral proxy satisfies the writing requirement. Although the Court believes that a signed email could easily meet the writing requirement, the Court has doubts as to the March 20, 2009 email effectuating Defendant's grant of proxy. The Court must leave some discussion of these issues for trial as they are not yet ripe

---

[4] IHIAC bylaws require the proxy to be in writing. IHIAC's Bylaws are controlling under 18 GCA § 2203.

and this Decision and Order does not resolve a motion for summary judgment. The Court suspects that Parties will delve into this matter at length at a later date. As it stands now, the Court believes that enough evidence exists, Plaintiff's probability of success on the merits is high enough and that irreparable injury is great enough such that preliminary injunction is warranted.

According to Section 9 of the IHIAC's Bylaws, which are controlling here, the written proxy must be filed with the Secretary. Here, the email is hardly concrete evidence that Defendant's promise to Plaintiff was effectuated. Yet, for a motion to obtain a preliminary injunction to be successful, the case does not have to be actually proven on the merits, as that would subject the case to summary judgment. For Plaintiff to acquire preliminary injunction from this Court she only must show the two factors in such a manner that the Court finds irreparable injury and a probability to win on the merits. The Court finds that Plaintiff has done that. Just because the probability of winning on the merits is not tremendous does not preclude injunction. The potential irreparable injury is great and the likelihood of success on the merits is enough that injunction should issue based on the balancing of the elements as explained in *Sananap, et al. v. Cyfred, Ltd., et al.*, 2009 Guam 13 at ¶42. The Court desires that Parties spend more time on future matters breaking down the legal issues relating to the effect of the promise made by Defendant. This matter, once at trial, will hinge on whether or not the Court should find that Defendant's March 20, 2009 email meets the writing requirement under IHIAC's Bylaws regarding proxies or under applicable Guam Law.

In any event, Plaintiff also brings in her complaint two counts for breach of contract. As to both Counts 3 and 4, this Court finds that Plaintiff is fairly likely to succeed on the merits of her case. From the record and pleadings thus far, Plaintiff has apparently complied with every part on her end of the agreement made with Defendant. She has put her property up as security, invested $1,525,000.00 and allowed her name to be responsible for a sizeable loan from Bank of Guam. Any agreement proven to exist, which the Court finds is highly probable, appears to have been satisfied by Plaintiff. Defendant has acknowledged that he made promises to Plaintiff and has yet to fully perform on them. Defendant told Plaintiff he would provide Plaintiff with a proxy to vote his shares. Even if Plaintiff fails to prove that a proxy exists through the March 20,

2009 email, Plaintiff will still win at trial if she can show that Defendant promised to make a proxy and failed to perform at his end by never providing Plaintiff with a written proxy under the oral contract. Even without getting into detail over whether the proxy is revocable or not, the facts appear to show that Defendant never made any proxy in writing with the intention of fulfilling his end of the bargain. As it stands, the record appears to indicate that Defendant will either be liable for failing to allow Plaintiff to use her valid proxy or, in the alternative, for breaching a contract in which he promised to grant Plaintiff a proxy and failed to ever do so. In addition, if the contract is proven to exist, the appropriate remedy could be damages or specific performance. Thus, the preliminary injunction appears to be wholly appropriate. To win on the merits and allow this Court to grant a more permanent injunction, Plaintiff would only need to present evidence of the oral agreement and that she performed. The record currently reflects enough evidence so that the second part of the two part test is also met. [5]

## CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Preliminary Injunction. Defendant is hereby ordered to desist from voting his share of the IHIAC stock until the resolution of this matter at trial.

JAN 1 2 2012

So ORDERED this ___ day of January, 2012.

Original Signed by/

JON VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JAN 1 2 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

---

[5] The Court is not making conclusion on the legal issues present in this case. The Court only aims to evaluate the probability of Plaintiff's ability to obtain a more permanent injunction or specific performance at trial.